116 F.3d 483
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael H. EDEN, Plaintiff-Appellant,
v.
County of San Diego, Defendant-Appellee.
 No. 95-56195.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted December 12, 1996.
Decided June 5, 1997.
 
 Appeal from the United States District Court for the Southern District of California, No. CV-94-01110-WBE; William B. Enright, District Judge, Presiding.
 Before HALL, KOZINSKI, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Plaintiff-appellant Michael Eden appeals from the district court's grant of summary judgment for defendant-appellee County of San Diego on Eden's claims under 42 U.S.C. § 1983 and various state tort laws. We have jurisdiction, 28 U.S.C. § 1291, and we AFFIRM on all claims.
 
 A. Section 1983 Claim
 
 3
 Plaintiff has not established § 1983 liability because he has not shown that any of defendant's actions leading to Eden's alleged deprivation were taken pursuant to official policy or widespread custom. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690-91 (1978).
 
 
 4
 Here, plaintiff has not pointed to an official policy that required Eden to be placed in the safety cell naked; nor has he shown that a person whose "edicts or acts may fairly be said to represent official policy" made the decision to place Eden in the cell naked. McKinley v. City of Eloy, 705 F.2d 1110, 1116-17 (9th Cir.1983). Eden cannot show that his treatment was anything but an isolated event, which is insufficient to establish custom. See Thompson v. City of Los Angeles, 885 F.2d 1439, 1444 (9th Cir.1989). Because the alleged violation of Eden's rights did not result from official policy or custom, defendant County has no § 1983 liability.
 
 B. State Law Claims
 
 5
 Eden's state law claims also fail. Eden alleges no conduct falling within the purview of California Civil Code § 52.1. Section 52.1 is a hate crime statute, and Eden does not allege that his rights were violated because of his membership in a protected class. Boccato v.City of Hermosa Beach, 29 Cal.App. 4th 1797, 1809 (1994). Thus, Eden cannot establish violation of the statute.
 
 
 6
 Nor can he establish liability on his other state law tort claims. A California public entity is liable in tort only as provided by statute. Cal. Govt.Code § 815. A public entity is not liable for an injury "resulting from an act or omission of an employee of the public entity where the employee is immune from liability." Cal. Govt.Code § 815.2(b). A public employee is immune from liability arising from his act or omission where the act or omission was the result of the exercise of discretion vested in him, whether or not such discretion was abused. Cal. Govt.Code § 820.2. Plaintiff admits that no policy required placing Eden in the safety cell naked; therefore, his treatment was the result of an employee's discretion or an abuse thereof. Thus, no employee would be liable, and defendant County cannot be held vicariously liable.
 
 
 7
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3